UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOSE A. FRANCO,

    *Petitioner,*

v.            Case No. 3:26-cv-176-JEP-SJH

WARDEN, BAKER COUNTY
DETENTION CENTER, et al.,

    *Respondents.*
_____/

## <u>ORDER</u>

Petitioner, an immigration detainee who is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at Baker Correctional Institute, filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241 on January 30, 2026. (Doc. 1). Petitioner is a citizen of Cuba who has lived in the United States since he was fifteen years old; he was ordered removed in 2018; and ICE re-detained him on October 25, 2025. (*Id.* at 2, 7; Doc. 9 at 2). Petitioner argues that (1) his prolonged detention violates the Fifth Amendment's Due Process Clause as the Supreme Court construed it in *Zadvydas v. Davis*, 533 U.S. 678 (2001); and (2) his re-detention and revocation of his order of supervision ("OSUP"), without a material change in circumstances, violates the Immigration and Nationality Act ("INA"). (*See* Doc. 1 at 3-6). Petitioner asks the Court to order his immediate release. (*Id.* at 9).

On March 2, 2026, the Federal Respondents (Garret Ripa, Markwayne Mullin, and Todd Blanche[1]) filed a motion to dismiss the petition arguing that Petitioner's *Zadvydas* claim is premature. (*See generally* Doc. 9). After being directed to do so, the Federal Respondents filed a supplemental response, again arguing that Petitioner's *Zadvydas* claim is premature, and that his OSUP was properly revoked. (Doc. 11). The Warden filed a motion to dismiss, arguing that he is not a proper respondent in this case. (Doc. 8). Petitioner filed pro se replies to the Federal Respondents' motion and supplemental response. (Docs. 12, 13, 15).

The Supreme Court in *Zadvydas* held that indefinite detention of aliens after a final order of removal raises serious constitutional concerns. 533 U.S. at 690–99. Once an order of removal is final, the government may continue to detain an alien only for a reasonable amount of time. *See id.* at 699–701. The reasonableness of the detention is to be measured "primarily in terms of the statute's basic purpose, namely, assuring the alien's presence *at the moment of removal.*" *Id.* at 699 (emphasis added). The Supreme Court held that six months is a presumptively reasonable period to detain a removable alien awaiting deportation. *Id.* at 700–01. "Although not expressly stated, the

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Markwayne Mullin and Todd Blanche are automatically substituted for Kristi Noem and Pamela Bondi, respectively.

2

Supreme Court appears to view the six-month period to include the 90-day removal period [from section 1231(a)(1)(A)] plus 90 days thereafter." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002).

After that six-month period has passed, if the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 1052 (quoting *Zadvydas*, 533 U.S. at 701). Thus, "in order to state a claim under *Zadvydas* the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* If an alien makes these showings, then the burden shifts to the government to rebut the presumption with sufficient evidence establishing that there is "a significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. Notably, *Zadvydas* claims asserted prior to the presumptively reasonable six-month period are deemed unripe and subject to dismissal without prejudice. *See Akinwale*, 287 F.3d at 1052; *see also Ramos Alvarez v. U.S. Immigr. & Customs Enf't*, No. 3:25-cv-1038, 2025 WL 2591830, at *1 (M.D. Fla. Sept. 8, 2025).

Petitioner filed this case on January 30, 2026, which is approximately three months and five days since the start of his current detention on October

25, 2025. Therefore, Petitioner's *Zadvydas* claim is not ripe and will be dismissed without prejudice.

Petitioner also claims that his re-detention and the revocation of his OSUP, without a material change in circumstances, violate the INA. (*See* Doc. 1 at 4-6; *see* Doc. 13 at 3-5). He argues that he is entitled to "an individualized determination of a material change in circumstances" and that "[r]e-detention without new facts is arbitrary, capricious, and unconstitutional." (Doc. 1 at 5). According to the Federal Respondents, "DHS can revoke [an] OSUP where 'on account of changed circumstances, the Service determines that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future.'" (Doc. 11 at 9 (quoting 8 C.F.R. § 241.13(i)(2))). The Federal Respondents contend that a "material" change in circumstances is not required, and here, DHS properly revoked Petitioner's OSUP. (*See id.*).

Pursuant to 8 C.F.R. § 241.13(i)(2), an OSUP can be revoked when "changed circumstances" create "a significant likelihood that the alien may be removed in the reasonably foreseeable future." "Upon revocation, the alien will be notified of the reasons for revocation of his or her release" and ICE must "conduct an initial informal interview *promptly* after [the revocation] to afford the alien an opportunity to respond to the reasons for revocation stated in the notification." *Id.* § 241.13(i)(3) (emphasis added). "The failure to provide [a

4

petitioner] with an informal interview promptly after his detention or to otherwise provide a meaningful opportunity to contest the reasons for revocation violates [] ICE's own regulations." *Grigorian v. Bondi*, No. 25-CV-22914-RAR, --- F. Supp. 3d ----, 2025 WL 2604573, at *10 (S.D. Fla. Sept. 9, 2025); *see also Kong v. United States*, 62 F.4th 608, 619 (1st Cir. 2023) (concluding that re-detention under § 241.13(i)(2) requires "an individualized determination").

Petitioner claims that he was "re-detained" without an "individualized determination" or hearing. (Doc. 1 at 2). The record reflects that on October 25, 2025, the day Petitioner was re-detained, ICE provided him with a notice of revocation of release. (Doc. 11-1 at 6). The notice advised Petitioner that due to "changed circumstances," "ICE has determined that there is a significant likelihood of removal in the reasonably foreseeable future." (*Id.*). He was further advised that he would "promptly be afforded an informal interview . . . to respond to the reasons for the revocation and to provide evidence to demonstrate that [his] removal is unlikely." (*Id.*). However, Petitioner only received an informal interview four months after his re-detention—about a month after Petitioner initiated this case and just days before the Federal Respondents' response was due. (Doc. 9-2).

Such a delay cannot be said to comply with the regulation.[2] *See Grigorian*, 2025 WL 2604573 at \*9-10 (finding that ICE's failure to provide an informal interview for over seventy-five days violated 8 C.F.R. § 241.4(l)'s requirement to provide a prompt informal interview[3]); *see also Pham v. Warden*, No. 1:25-CV-1873 DC AC, 2026 WL 673404, at \*13 (E.D. Cal. Mar. 10, 2026), *rep. & rec. adopted sub nom.*, 2026 WL 849861 (E.D. Cal. Mar. 27, 2026) ("An interview weeks or months after revocation of release is not a prompt initial informal interview." (quotation marks and citations omitted)); *Bui v. Warden of the Otay Mesa Det. Facility*, No. 25-CV-2111 JES DEB, 2025 WL 2988356, at \*4 (S.D. Cal. Oct. 23, 2025) (holding that an interview conducted four months after a petitioner's re-detention did not satisfy the "prompt" informal interview requirement under the regulations); *M.S.L. v. Bostock*, No. 6:25-CV-01204-AA, 2025 WL 2430267, at \*11 (D. Or. Aug. 21, 2025) (concluding that an informal interview provided twenty-seven days after re-detention was not in compliance with the regulations).

---

[2] Because this Court concludes that ICE has not complied with the regulation, this Court does not address any arguments that Petitioner's detention was otherwise arbitrary or unlawful. (*See* Doc. 1 at 4-6).

[3] Similar to 8 C.F.R. § 241.13(i)(3), 8 C.F.R. § 241.4(l)(1) requires that an alien "be afforded an initial informal interview promptly after" revocation for violating a condition of release.

While ICE has wide discretion to revoke an alien's supervised release, it is required to follow its own regulations. *See Mohammed H. v. Trump*, 781 F. Supp. 3d 886, 895 (D. Minn. 2025) (citing *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 265 (1954)); *see also Chevron Oil Co. v. Andrus*, 588 F.2d 1383, 1386 (5th Cir. 1979) ("We think *Accardi* stands for the unremarkable proposition that an agency must abide by its own regulations.");[4] *Gonzalez v. Reno*, 212 F.3d 1338, 1349 (11th Cir. 2000) ("Executive agencies must comply with the procedural requirements imposed by statute" and "must respect their own procedural rules and regulations."). ICE did not do so here. As such, the Court concludes that Petitioner's re-detention violated 8 C.F.R. § 241.13(i)(3) and that he is entitled to release. *See Grigorian*, 2025 WL 2604573 at *10 (collecting cases); *see also Fuentes v. Ripa*, No. 3:26-cv-134-MMH, 2026 WL 717982, at *3 (M.D. Fla. Mar. 16, 2026). As such, the Court will grant the petition on this claim.

Finally, in the motion to dismiss, the "Warden requests the Court dismiss [him] from this proceeding with prejudice" as an improper respondent. (Doc. 8 at 12). He argues that ICE is Petitioner's "'immediate custodian'" and

---

[4] Decisions from the former Fifth Circuit rendered on or before September 30, 1981, are binding on this Court. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

"the director of ICE's local field office responsible for the Detention Facility –

not its 'warden' – is the proper respondent." (*Id.*).

Another judge on this Court recently observed:

[T]here is much confusion and difference of opinions on who the proper respondent is when an immigration detainee files a § 2241 petition. The Court recognizes [the Warden's] argument that while a warden may technically maintain day-to-day control of a facility, the warden does not have ultimate control over an immigration detainee's custody status, and a warden is ill-equipped to respond to a habeas petition and defend the federal government's interests. Nevertheless, the warden is the "immediate custodian" and presumably the individual who, upon ICE's direction, opens the door to release the detainee. Given the uncertainty and wide-ranging decisions on this particular issue, the Court declines to find that the warden is not a proper respondent. *See, e.g., Vasquez v. Reno*, 233 F.3d 688, 696 (1st Cir. 2000) ("[W]e hold that an alien who seeks a writ of habeas corpus contesting the legality of his detention by the INS normally must name as the respondent his immediate custodian, that is, the individual having day-to-day control over the facility in which he is being detained."); *Pak v. Hoover*, No. 3:26-CV-00379, 2026 WL 624165, at *1 n.1 (M.D. Pa. Mar. 5, 2026) (maintaining the warden as the only respondent, but recognizing that "the government will be bound by the [c]ourt's judgment because [the warden] is acting as an agent of the federal government by detaining [the petitioner] on behalf of [ICE]"); *Cid-Barrios v. Raycraft*, No. 25-13630, 2025 WL 3724377, at *4 (E.D. Mich. Dec. 24, 2025) ("[T]he Acting Director of Enforcement and Removal Operations for the USCIS Detroit Field Office, and not the administrator of the contract detention facility in Lake County, is the proper respondent to be named in a habeas corpus petition filed by a non-citizen challenging his detention under section 2241."); *Krechmar v. Parra*, No. 2:25-CV-01095-SPC-DNF, 2025 WL 3620802, at *2 (M.D. Fla. Dec. 15, 2025) (recognizing that "[t]he warden of Alligator Alcatraz would be ill-equipped to respond to the merits of [the petitioner's] claims and to be the *sole* defender of the federal government's interests" (emphasis added)); *Beltran v. Raycraft*, - - - F. Supp. 3d - - - , 2025 WL 3237429, at *11-

8

12 (W.D. Mich. Nov. 20, 2025) (recognizing that while the Sixth Circuit has concluded that a noncitizen must generally name his immediate custodian, that is ICE's district director for the district in which he is confined, there are exceptions, such as naming the Secretary of DHS to ensure at least one respondent maintains authority over the petitioner's custody in the event he is transferred out of the district; dismissing all respondents other than the Secretary of DHS, including the warden of the facility at which the noncitizen was housed).

*Lara-Reyes v. Warden*, No. 3:25-CV-1618-MMH, 2026 WL 733712, at \*5 (M.D. Fla. Mar. 16, 2026). And another judge on this Court subsequently explained how the Warden's argument "runs headlong into a firm rule of law" despite its "common-sense appeal." *Jimenez v. Mordant*, No. 2:26-cv-451-KCD, 2026 WL 820536, at \*1 (M.D. Fla. Mar. 25, 2026). Here, the Court agrees and will deny the motion to dismiss.

Accordingly, it is

**ORDERED**:

1. The Federal Respondents' motion to dismiss (Doc. 9) is **GRANTED**; Petitioner's *Zadvydas* claim will be dismissed without prejudice.

2. The petition for a writ of habeas corpus (Doc. 1) is **DISMISSED IN PART without prejudice** with respect to Petitioner's *Zadvydas* claim but **GRANTED IN PART** as to Petitioner's claim that Respondents violated the INA when revoking his OSUP. Because Petitioner's re-detention without the *prompt* informal interview

required by ICE regulations is unlawful, Respondents shall release Petitioner **within 24 hours of this Order**, subject to and in accordance with the conditions in his preexisting order of supervision, and they shall provide Petitioner with access to a telephone to arrange transportation from the detention facility.

3. Respondent Warden's motion to dismiss (Doc. 8) is **DENIED**.

4. The **Clerk** shall enter judgment accordingly, terminate any pending motions, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, on April 22, 2026.

_____
JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

c:
Jose A. Franco, #A200019552
Counsel of Record

10